## BUCKLEY et al. v. CRANE.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1903.)

### No. 938.

**1. APPEAL—LIABILITY ON SUPERSEDEAS BOND—EFFECT OF MODIFICATION OF DECREE.**

A decree foreclosing a contract for the sale of real estate gave the defendant until January 1, 1899, to make the deferred payments under the contract, and provided that in default a writ of possession should issue. Defendant appealed, and gave a supersedeas bond, conditioned, inter alia, for the payment of the value of the use and occupation of the premises from the time of the appeal until the delivery of possession to complainant. The appellate court directed the modification of the decree by extending the time for performance under the contract to November 1st, and it was so modified. *Held,* that the effect of such modification was to keep the contract in force, including defendant's right of possession thereunder, until November 1st. and that he was not liable on his supersedeas bond for the value of the use and occupation prior to such time.

In Error to the Circuit Court of the United States for the Northern District of California.

See (C. C.) 105 Fed. 401.

Theodore J. Roche, Sullivan & Sullivan, and D. M. Delmas, for plaintiffs in error.

Michaél Mullaney, Charles S. Cushing, William Grant, and O. K. Cushing, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The defendant in error, Crane, and the plaintiff in error Buckley having entered into a contract by which Crane contracted to sell and Buckley to purchase of him a certain tract of land, and certain water, water rights, and rights of way, into the possession of which Buckley entered under the contract, and paid a portion of the purchase price, but thereafter failed to make other payments as required by the contract, Crane commenced a suit in the Circuit Court of the United States for the Southern District of California for the foreclosure of Buckley's interest in the property, and

the recovery of its possession from him, in which suit the court on the 16th day of November, 1898, entered a decree adjudging the complainant, Crane, to be the owner in fee of the property mentioned, and further adjudging and decreeing—

"That all the rights, interests, and claims of said respondent, Cornelius F. Buckley, in and to said real property, water ditches, water rights, and rights of way, and every part thereof, have been and are forever foreclosed and terminated, subject only to the equitable privilege, to wit, inasmuch as said respondent has made some payments to complainant under an agreement dated June 9, A. D. 1892, mentioned in the bill of complaint, to purchase said real property, water ditches, water rights, and rights of way, notwithstanding his failure to comply with the provisions of said agreement as to the payment of the remainder of said purchase price, and as to other matters therein provided to be performed, this court decrees as equitable that the privilege shall be and hereby is given to said respondent, Cornelius F. Buckley, to pay to said complainant, Henry A. Crane, at any time up to the first (1st) day of January, A. D. one thousand eight hundred and ninety-nine (1899), the unpaid portion of said purchase price of said property, viz., sixty thousand ($60,000) dollars, in United States gold coin, and interest thereon in like gold coin from the 18th day of March, A. D. one thousand eight hundred and ninety-four (1894), at the rate of nine (9) per centum per annum, until such payment is made, and also to pay to said complainant, Henry A. Crane, all taxes and assessments levied upon or against said property, or any part thereof, paid by him, Henry A. Crane, after the same became or shall become delinquent, including penalties and costs thereon, and interest upon the whole at the rate of nine (9) per centum per annum from the time of payment thereof by said Henry A. Crane, and also to pay to said complainant, Henry A. Crane, all moneys which he shall hereafter expend in keeping and maintaining good and substantial head gates at the heads of said two water ditches herein described, upon the failure of said respondent, Cornelius F. Buckley, to keep and maintain such head gates in good order, and interest upon the same at the rate of nine (9) per centum per annum from the date of such expenditure by complainant, Henry A. Crane; and upon the payment of said several amounts of money to said Henry A. Crane on or before said 1st day of January, A. D. 1899, he shall convey to said Cornelius F. Buckley said real property, water ditches, water rights, and rights of way to the extent named, and as provided in said agreement of sale and purchase dated June 9, A. D. 1892, mentioned in the bill of complaint herein. But in case said respondent, Cornelius F. Buckley, shall fail to pay to complainant, Henry A. Crane, the said amounts of money hereinbefore designated and mentioned on or before the 1st day of January, A. D. 1899, then and in that event it is ordered, adjudged, and decreed that all the rights, interests, and claims of said respondent, Cornelius F. Buckley, and all persons and parties claiming under him, in and to said real property, water ditches, water rights, and rights of way, and every part thereof, shall be forever foreclosed and terminated, and that said Cornelius F. Buckley, and all parties claiming under him, be removed and turned out of and from the possession, use, and occupation of said real property, water ditches, water rights, and rights of way, and that said complainant, Henry A. Crane, or his legal representatives, be placed in and restored to the actual and exclusive possession, use, and occupation of said real property, water ditches, water rights, and rights of way, and every part thereof, and thereafter maintained and kept in said possession, use, and occupation thereof, as against said respondent, Cornelius F. Buckley, and all persons and parties claiming under him, and that respondent, Cornelius F. Buckley, and all persons and parties claiming under him, are and shall continue to be enjoined and forbidden from setting up or asserting any right, interest, or claim now existing in or to said real property, water ditches, water rights, or rights of way, or any part thereof. And unless said respondent shall place on file herein some sufficient and satisfactory evidence that he has paid, or has tendered, and is able, ready, and willing to pay, to said complainant, Henry A. Crane, the amounts of money hereinbefore provided to be paid for the purchase of said property, on or before the 1st day

of January, A. D. 1899, it is ordered, adjudged, and decreed that the clerk of this court do, on request of said complainant, Henry A. Crane, or of his counsel, issue a suitable and sufficient order or writ to the marshal of this court, and under the seal thereof, to remove said respondent, Cornelius F. Buckley, from the possession, use, and occupation of said real property, water ditches, water rights, and rights of way, and to place complainant, Henry A. Crane, or his legal representatives, in the exclusive possession, use, and occupation thereof."

Buckley thereupon applied for and was granted an appeal from that decree to this court, and, as is recited in the supersedeas bond, being "desirous of staying the execution of the said judgment so appealed from, in so far as it relates to the possession of the land and premises involved therein, and desirous of staying the execution of said judgment or decree so appealed from in so far as it relates to the costs awarded to the complainant therein," executed, with his co-plaintiffs in error herein, Spreckels and Hopkins, as his sureties, the supersedeas bond which is the subject of the present action; the condition of such bond being—

"That if the said C. F. Buckley shall prosecute his appeal to effect, and shall answer all damages and costs that have been and shall be awarded against him if he fails to make his appeal good, and if he shall answer all damages that shall accrue to the said respondent by reason of the value of the use and occupation of the land and premises from the time of said appeal until the delivery of possession thereof to said Henry A. Crane, and from all waste committed thereon, then the above obligation to be void, else to remain in full force and effect."

On the 2d day of October, 1899, this court gave its judgment (97 Fed. 980, 38 C. C. A. 688) affirming the decree of the Circuit Court of November 16, 1898, which decision of affirmance was, on a petition for a rehearing of the cause, modified by this court in this language:

"The record does show that the appellant [Buckley] made large payments under the contract, and that he has made other large expenditures in the improvement of the property which was the subject of the contract. It is also true that the sums remaining due from the appellant under the contract were large. These payments, the decree of the court below, which was entered on the 16th day of November, 1898, required to be made prior to January 1, 1899, in order that the rights and interests of the appellant in the property be saved, which were by the decree otherwise forever foreclosed and ended. Under the circumstances appearing in the record, this court is of the opinion that it is equitable and just to allow the appellant until the 1st day of November, 1899, within which to make the payments required by the decree from which the appeal is taken, and accordingly it is ordered that the judgment of this court entered herein on the 2d day of October, 1899, be, and hereby is, so modified as to read: 'Cause remanded to the court below, with directions to substitute for the 1st day of January, 1899, the 1st day of November, 1899, within which the payments therein provided for are permitted to be made, and as so modified the decree is affirmed.'"

Thereafter the mandate of this court issued to the lower court, by which that court was directed to modify its decree by substituting for the 1st day of January, 1899, the 1st day of November, 1899, within which the payments therein provided for were permitted to be made. Pursuant to that writ, the Circuit Court made and entered its final decree, containing this provision:

"It is hereby ordered, adjudged, and decreed that the former decree of this court, made and entered herein on the 16th day of November, 1898, be and the same is hereby modified by substituting for the words and figures 'first

(1st) day of January, one thousand eight hundred and ninety-nine,' where the same occur on pages 4, 5, and 6 of said former decree, the words and figures 'first (1st) day of November, 1899.' "

The effect of this modifying decree was to substitute the 1st day of November, 1899, for the 1st day of January, 1899, wherever it oc-curred in the original decree.

The present action was commenced by the defendant in error against Buckley and his sureties, the plaintiffs in error, to recover the alleged value of the use and occupation of the property men-tioned, and for waste alleged to have been committed by Buckley thereon from the 1st day of January, 1899, to the 4th day of Novem-ber, 1899. The costs of the action were not involved, as they had been paid. Upon the trial in the court below, it was shown that Buck-ley failed to make the deferred payments within the time fixed by the decree as modified, or at all, and that the possession of the prem-ises was not given Crane until November 4, 1899.

As will have been seen, the purpose of the bond sued on was the staying of the execution of the decree appealed from, in so far as it related to the possession of the land and premises involved therein, and in so far as it related to the costs awarded to the com-plainant therein; and its condition was that Buckley should prose-cute his appeal to effect, and answer all damages and costs awarded against him in the event he should fail to make his appeal good, and pay all damages that should accrue to the respondent, Crane, by reason of the value of the use and occupation of the land and prem-ises from the time of the appeal until the delivery of possession there-of to him, and for all waste committed thereon.

We do not understand the learned counsel for plaintiffs in error to deny that for the waste, and for the value of the use and occupa-tion of the premises by Buckley after the expiration of the time fixed by the modified decree, within which he was allowed to complete the payment for the property, the plaintiffs in error are liable; but he insists that, for the use and occupation of the premises by Buckley up to the expiration of that time, neither he nor his sureties are responsible on the bond. Instructions to that effect were requested by the plaintiffs in error, and refused by the court below, and, in-stead, the jury was instructed that the plaintiff in the action (defend-ant in error here) was entitled to recover upon the bond the value of the use and occupation of the land and premises from January 1, 1899, which was the time fixed by the Circuit Court in the decree as originally entered, within which Buckley was permitted to com-plete his payments for the land and premises, and secure title thereto. The theory of the court evidently was that it was apparent from the original decree, as indeed it is, that Buckley was, under the contract of sale and purchase, put into possession of the premises, and was entitled to their use and occupation during the life of the contract. According to the decree as originally entered, that life ended January 1, 1899, unless Buckley, prior thereto, complied with the conditions of the decree.

It is true that this court, by its judgment first given, affirmed that decree, but upon a petition for a rehearing it reconsidered its judg-

ment, and directed the court below to modify the judgment from which the appeal was taken by substituting for the 1st day of January, 1899, the 1st day of November of the same year, which was done; thus extending the time within which Buckley was permitted to make the deferred payments and secure the title to the property contracted for, and, in effect, keeping in force the provisions of the agreement, including the right of possession of the premises in Buckley until the day last named. This was a substantial modification of the original decree of the Circuit Court, gained by virtue of the appeal, which cannot, therefore, be properly said to have been without effect. We are of the opinion that the defendant in error was no more entitled to recover the value of the use and occupation of the premises in question during the enlarged time finally granted Buckley within which to make good his covenants, than for the period of grace first fixed by the trial court, in respect of which the defendant in error asserts no right even in his complaint.

The judgment is reversed, and cause remanded for a new trial.